IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH BRIGGS, SR., | No. 4:17-CV-00419 |
| Plaintiff. | (Judge Brann) |
| v. | |
| POTTER COUNTY, GLENN DRAKE, II, SUSAN KEFOVER, PAUL HEIMEL, DOUGLAS MORLEY, ANGELA MILFORD, KENNETH SAULEY, | |
| Defendants. | |

**MEMORANDUM OPINION**

**NOVEMBER 13, 2017**

Defendants – Potter County, Glenn Drake, II, Susan Kefover, Paul Heimel, Douglas Morley, Angela Milford, and Kenneth Sauley – filed a motion to dismiss Plaintiff Ralph Briggs, Sr.'s complaint. For the reasons that follow, that motion is denied in part and granted in part.

I.  BACKGROUND

   A.  Factual Allegations[1]

The Potter County Sheriff is an elected official who also serves as the Warden of the Potter County Jail.[2] Immediately prior and up to the 2015 election, this position was held by Mr. Sauley.[3] Sheriff Sauley, however, did not run for reelection that year,[4] and, as a result, three individuals – Mr. Briggs, Mr. Drake, and Roy Hunt – campaigned for the position.[5] At the time, Mr. Briggs and Mr. Hunt were employed as corrections officers at the Potter County Jail, and Mr. Drake was a deputy sheriff of the county.[6]

Mr. Briggs alleges that, during the campaign, Mr. Drake conducted election activities on County property, while in uniform, and during work time.[7] Because he felt that this conduct was a violation of campaign laws, Mr. Briggs reported it to the

---

[1] When considering a motion to dismiss for failure to state a claim, a court assumes the truth of all allegations made in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The material in this section, then, is taken entirely from Mr. Briggs's Complaint, ECF No. 1, and is presumed true for present purposes.

[2] ECF No. 1 ¶ 13.

[3] *Id.* ¶ 14.

[4] *Id.* ¶ 14.

[5] *Id.*

[6] *Id.* ¶¶ 11, 15-16.

[7] *Id.* ¶ 18.

Potter County Commissioners – Ms. Kefover, Mr. Heimel, and Mr. Morley – and "voiced concerns publicly."[8]

Mr. Briggs also alleges that, prior to this campaign, "it had seemingly become the custom and practice of the Potter County political and law enforcement establishment to have a retired State Police Officer to run as the favored candidate of the establishment and law enforcement" for the Potter County Sheriff position.[9] He alleges, in fact, that Sheriff Sauley was "angered" about Mr. Briggs's campaign against Sheriff Sauley's "favored candidate, [Mr. Drake],"[10] which campaign "included explicit and overt criticism of the fact that [the position] had seemed to become a Pennsylvania State Police retirement job."[11] As a result, Mr. Briggs alleges that Sheriff Sauley improperly terminated Mr. Briggs in retaliation for Mr. Briggs's campaign.[12] Sheriff Sauley eventually "rescinded" this termination, and placed Mr. Briggs on probation instead.[13]

Mr. Drake ultimately won the election and became Sheriff Drake on January 4, 2016.[14] Less than ten days later, on January 13, 2016, Mr. Briggs was terminated

---

[8] *Id.* ¶ 17, 19.

[9] *Id.* ¶ 20.

[10] Mr. Drake was a retired State Police Officer. *Id.* ¶ 21.

[11] *Id.* ¶ 21-22.

[12] *Id.* ¶ 24-25

[13] *Id.* ¶ 26-27.

[14] *Id.* ¶28.

by Sheriff Drake and Ms. Milford, the deputy warden of the Potter County Jail.[15] This termination was later "ratified" by the County Commissioners.[16]

### B. Procedural History

Mr. Briggs filed a two-count complaint against Defendants on March 6, 2017. Count I, brought under 42 U.S.C. § 1983, alleges that Mr. Briggs's statements during and relating to the campaign were protected by the First Amendment, and alleges that Defendants' actions – including Mr. Briggs's two terminations and his placement on probation status – were unconstitutional retaliation for his protected speech.[17] Count II, also brought under 42 U.S.C. § 1983, alleges that Mr. Briggs's campaign was conduct protected by the First Amendment, and similarly alleges that Defendants unconstitutionally retaliated against him for that conduct.[18]

On May 8, 2017, Defendants moved to dismiss Mr. Briggs's complaint for lack of jurisdiction and for failure to state a claim on which relief can be granted.[19]

## II. DISCUSSION

### A. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[20] a court assumes the truth of all factual allegations in a

---

[15] *Id.* ¶ 29-30.

[16] *Id.* ¶ 34.

[17] *Id.* ¶¶ 36-40.

[18] *Id.* ¶¶ 41-44

[19] ECF No. 6.

plaintiff's complaint and draws all inferences in favor of that party;[21] the court does not, however, assume the truth of any of the complaint's legal conclusions.[22] If a complaint's factual allegations, so treated, state a claim that is plausible – *i.e.*, if they allow the court to infer the defendant's liability – the motion is denied; if they fail to do so, the motion is granted.[23]

> **B. Whether This Court Has Subject Matter Jurisdiction; Whether Mr. Briggs Failed to Exhaust His Administrative Remedies; and Whether Mr. Briggs's Claims Are Preempted**

Defendants argue that this Court is without jurisdiction to hear this case[24] because Mr. Briggs has failed to exhaust the administrative remedies provided for in the Collective Bargaining Agreement ("CBA") which governed his employment with Potter County. Defendants similarly argue that, because of the terms of that CBA, Mr. Briggs's claims are preempted by § 301 of the Labor Management Relations Act[25] and the Pennsylvania Public Employee Relations Act of 1970.[26] Unfortunately, Defendants have failed to attach the CBA to any of their filings.

---

[20] Federal Rule of Civil Procedure 12(b)(6).

[21] *Phillips v. Cnty. Of Allegheny*, 616 F.3d 224, 228 (3rd Cir. 2008).

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

[23] *Id.*

[24] *See* Federal Rule of Civil Procedure 12(b)(1).

[25] 29 U.S.C. §185.

[26] 43 P.S. 1101.903.

Because it is not in the record, the Court cannot determine if these arguments have merit; therefore, they will not be addressed. The Court will, however, grant Defendants leave to raise these claims in response to any amended complaint filed by Mr. Briggs.

### C. Whether Mr. Briggs Adequately Alleged a § 1983 Claim Against Potter County

Municipalities are liable under 42 U.S.C. § 1983 only if a plaintiff's injuries are caused by an official policy or custom of the municipal entity.[27] Defendants argue that Mr. Briggs has not alleged that his injuries resulted from an official policy or custom of Potter County.

It is true that Mr. Briggs alleged that "[p]rior to the 2015 Potter County election, it had seemingly become the custom and practice of the Potter County political and law enforcement establishment to have a retired State Police Officer to run as the favored candidate of the establishment and law enforcement for the position of County Sheriff."[28] This allegation, however, does not allow the Court to plausibly conclude that Mr. Briggs's injuries resulted from any official policy or custom of Potter County. Even if "the Potter County political and law enforcement establishment" had a "custom and practice" running a retired state police officer as a "favored candidate," and even if the Court assumes that the "establishment" should

---

[27] *Monell v. Department of Social Services*, 436 U.S. 658, 691-94 (1978).

[28] ECF No. 1 ¶ 20.

be interpreted to refer to the government of Potter County, this Court cannot plausibly infer, from this complaint, that Mr. Briggs's termination was *caused by* that policy or custom.

The § 1983 claim against Potter County, then, is dismissed, but the Court will grant Mr. Briggs leave to amend his complaint to adequately allege that claim.

### D. Whether Mr. Briggs Adequately Alleged a § 1983 Claim Against Sheriff Sauley

Defendants argue that Mr. Briggs has not adequately alleged a § 1983 claim against Sheriff Sauley, because liability under that statute "cannot be predicated solely on the operation of *respondeat superior*."[29] It appears, however, that Defendants misunderstand Mr. Briggs's complaint. Mr. Briggs specifically alleges that Sheriff Sauley himself – not an employee under Sheriff Sauley's supervision – improperly terminated Mr. Briggs and then placed Mr. Briggs on probation (after "rescind[ing]" the termination).[30] This argument, then, is misplaced.

### E. Whether Mr. Briggs Adequately Alleged a § 1983 Claim Against the County Commissioners

Defendants argue that Mr. Briggs has not adequately alleged a § 1983 claim against the County Commissioners, because they had, under Pennsylvania law,[31] no legal authority to interfere with that termination. Because a "defendant in a civil

---

[29] *Evancho v. Fisher*, 423 F.3d 347, 353 (3rd Cir. 2005).

[30] ECF No. 1 ¶¶ 24-27.

[31] *See* 16 P.S. § 1620; *Troutman v. Am. Fed'n of State, County, and Municipal Employees*, 87 A.3d 954 (Pa. Commw. 2014).

rights action must have personal involvement in the alleged wrongdoing,"[32] and because Mr. Briggs has pled only that the Commissioners "ratified" his termination, this Court cannot plausibly infer the Commissioner's liability under § 1983.

The § 1983 claims against the County Commissioners, then, are dismissed, but the Court will grant Mr. Briggs leave to amend his complaint to adequately allege those claims.

### III. CONCLUSION

For the reasons stated above, Mr. Briggs's claims against Potter County and the County Commissioners are dismissed, but his claims against the other defendants survive. He may amend his complaint as indicated above.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[32] *Evancho v. Fisher*, 423 F.3d 347, 353 (2005).