# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH BRIGGS, SR., | No. 4:17-CV-00419 |
| Plaintiff. | (Judge Brann) |
| v. | |
| GLENN DRAKE, II, ANGELA MILFORD, and KENNETH SAULEY, | |
| Defendants. | |

## MEMORANDUM OPINION

### NOVEMBER 5, 2018

Defendants moved for summary judgment on all counts of Ralph Briggs's complaint. For the reasons that follow, Defendants' motion will be granted.

## I. BACKGROUND

At the beginning of 2015, Plaintiff Ralph Briggs was employed as a part-time corrections officer at the Potter County Jail. In March of that year, he began campaigning for Potter County Sheriff, running in the primary against Defendant Glenn Drake, II, and fellow employee Roy Hunt. Mr. Briggs's and Mr. Hunt's campaigns ended when Mr. Drake won the primary election in May 2015.

In July 2015, Mr. Briggs's position at the jail became full time. Beginning the next month and continuing through the end of that year, Mr. Briggs allegedly committed numerous acts of misconduct, including failing to strip search an

inmate, taking excessive smoke breaks, sleeping on the job, and harassing a mentally unstable inmate. Some of these incidents led the then-current sheriff, Defendant Kenneth Sauley, to issue written warnings to Mr. Briggs.

Meanwhile, Mr. Drake prevailed in the November 2015 general election. On January 13, 2016, nine days after being sworn in as sheriff, he fired Mr. Briggs. Mr. Briggs's termination letter recited some of the misconduct mentioned above as well as an incident on January 8, 2016 wherein Mr. Briggs allegedly divulged an inmate's confidential medical information in violation of jail policy and, possibly, federal law. That letter was signed by Mr. Drake as well as Defendant Angela Milford, Deputy Warden of the Potter County Jail.

On March 6, 2017, Mr. Briggs initiated the above-captioned action. His two-count complaint alleges that the discipline imposed on him was in retaliation for his decision to campaign for Potter County Sheriff, and for speech made in connection with that campaign.[1]

## II. DISCUSSION

### A. Standard of Review

Summary judgment is granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] A dispute is "genuine if a reasonable trier-of-fact could find in

---

[1] ECF No. 1.

[2] Federal Rule of Civil Procedure 56(a).

favor of the non-movant," and "material if it could affect the outcome of the case."[3] To defeat a motion for summary judgment, then, the nonmoving party must point to evidence in the record that would allow a jury to rule in that party's favor.[4] When deciding whether to grant summary judgment, a court should draw all reasonable inferences in favor of the non-moving party.[5]

### B. Whether Mr. Briggs Was Required to Grieve His Termination Before Bringing This Suit

Defendants argue that Mr. Briggs's claims are preempted by his failure to grieve his termination using the process outlined in his union contract.

The Collective Bargaining Agreement covering Mr. Briggs's employment with Potter County allowed him to grieve "[a]ll disputes and any grievance . . . relating to the application or interpretation of th[at] Agreement or any dispute concerning [his] wages, hours[,] and working conditions."[6] Mr. Briggs's claims, however, do not "relat[e] to the application or interpretation" of the Collective Bargaining Agreement, nor do they "concern[ Mr. Brigg's] wages, hours[, or] working conditions." Instead, they seek to vindicate his rights under the United States Constitution. Further, Defendants have pointed to no authority—nor can

---

[3] *Lichtenstein v. Univ. of Pittsburgh Medical Ctr.*, 691 F.3d 294, 300 (3rd Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 252 (1986).

[4] Federal Rule of Civil Procedure 56(c)(1); *Liberty Lobby*, 477 U.S. at 249.

[5] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

[6] Exhibit 21 to the Deposition of Ralph Briggs (ECF No. 26-1) Art. 32 § 1.

this Court find any—showing an exception to the normal rule that "exhaustion is not a prerequisite to an action under § 1983."[7]

Mr. Briggs's claims, then, are not barred by a failure to exhaust the Collective Bargaining Agreement's grievance procedure.

### C. Whether Mr. Briggs Has Demonstrated a Causal Connection Between First Amendment-Protected Activity and an Adverse Employment Action Taken Against Him

To prevail on either of his First Amendment retaliation claims, Mr. Briggs must show a causal connection between constitutionally protected activity and an adverse employment action taken against him.[8]

Mr. Briggs attempts to make this showing by pointing to the fact that he was terminated only nine days after Mr. Drake was sworn into office, and that Mr. Hunt (another contender for sheriff in the May 2015 primary) was terminated a few weeks later. While it is true that "an unusually suggestive temporal proximity" can establish causal connection in retaliation cases, the events between which that "unusually suggestive" time period are measured are (1) the protected activity and

---

[7] *Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496, 500-501 (1982); *see, e.g.*, 42 U.S. § 1997e(a) (prohibiting § 1983 suits by prisoners "until such administrative remedies as are available are exhausted").

[8] *See Montone v. City of Jersey City*, 709 F.3d 181, 189 (3d Cir. 2013) (noting that a plaintiff bringing a political association retaliation claim must show "that the constitutionally-protected conduct was a substantial or motivating factor for the adverse employment action"); *Baldassare v. State of N.J.*, 250 F.3d 188, 195 (3d Cir. 2001) (noting that a plaintiff bringing a free speech retaliation claim must show "that the protected activity was a substantial or motivating factor in the allegedly retaliatory action").

(2) the adverse action.[9]  The only allegedly protected activities pointed to by Mr. Briggs occurred around the time of his campaign for the sheriff, which campaign ended with the results of the May 2015 primary, approximately eight months before his termination.  Mr. Briggs has not pointed to any case law indicating that an eight-month span should be considered "unusually suggestive," nor can this Court find any.

Mr. Briggs also questions the reasons given by Defendants for Mr. Briggs's termination and the various disciplinary warnings preceding it.  While it is true that plaintiffs can show causation in retaliation cases by discrediting an employer's explanations of its actions,[10] plaintiffs must "cast *substantial* doubt" on the proffered rationales in order to survive summary judgment.[11]  Here, Mr. Briggs argues that the conduct for which he was punished was insufficiently serious to warrant the discipline imposed; that the conduct was brought to jail officials' attention by supporters of Mr. Drake; and that other employees participated in the same conduct but were not punished for it.[12]

In this Court's view, the only argument of these three that has the potential to cast *any* doubt on the justifications given for Mr. Briggs's discipline and termination is the fact that other employees may have committed similar acts with

---

[9]  *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).

[10]  *Montone v. City of Jersey City*, 709 F.3d 181, 191 (3d Cir. 2013).

[11]  *Stephens v. Kerrigan*, 122 F.3d 171, 181 (3d Cir. 1997) (emphasis added).

[12]  *See generally* Defendant's Brief in Opposition (ECF No. 27) at 13-17.

impunity.  The record shows, however, that Mr. Briggs was not terminated because of an isolated incident or two.  Rather, he lost his job because of the accretion of episodes of misconduct that, while perhaps excusable when committed infrequently by others, led Defendants to decide that it was in their best interest to end Mr. Briggs's employment relationship with the Potter County Jail.  Mr. Briggs, therefore, has failed to sufficiently discredit Defendants' explanation of their decision to discipline and eventually terminate Mr. Briggs.

## III. CONCLUSION

Because Mr. Briggs has failed to show a causal connection between conduct protected by the First Amendment and any adverse employment action taken against him, summary judgment will be entered in favor of Defendants.  An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge